### MAHONEY v. ADAMS et al.

(Supreme Court, Appellate Division, First Department.    May 20, 1898.)

STOCKHOLDERS' LIABILITY—ENFORCEMENT—RECEIVERS AS PARTIES.
    In an action brought in 1896 by a creditor of a banking corporation to
    enforce the stockholders' liability, under Laws 1892, c. 689, § 52, a motion
    for leave to bring in, as parties defendant, permanent receivers subse-
    quently appointed, was opposed on the ground that Laws 1897, c. 441,
    amending section 52 so as to require such an action to be brought by
    the receivers, was retroactive.    Held, that the question thus raised should
    be left to be determined upon the trial, and that the motion should be
    granted.

Appeal from special term, New York county.

Action by Timothy Mahoney against Allen W. Adams and others.
From an order denying a motion for leave to serve a supplemental
summons and complaint, and to amend the summons and complaint
theretofore served, plaintiff appeals.    Reversed.

The action was brought by a creditor of a bank, in behalf of himself and
all others similarly situated, against stockholders of the bank, to enforce

their liability under section 52 of the banking law (Laws 1892, c. 689), prior to the amendment thereof by the act of May 17, 1897 (Laws 1897, c. 441), which provided for the bringing of such a suit in the name and in behalf of the permanent receivers of the bank, appointed upon the dissolution thereof. When the action was begun, in December, 1896, the bank had been dissolved; but permanent receivers were not appointed until February 24, 1897.

Argued before PATTERSON, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Henry D. Hotchkiss, for appellant.

William C. Breed, for respondents Hobbs and Odell.

Adam Wiener, Abner C. Thomas, Adolph Bierck, Jr., A. L. Jacobs, Edwin S. Babcock, John D. Connolly, and William S. Opdyke, for other respondents.

INGRAHAM, J.  We think this motion should have been granted. Many of the changes which are sought to be made by the supplemental and amended pleadings are to correct the names of the parties, where the names were unknown at the time of the commencement of the action, and to bring in the personal representatives of those who are dead. The receivers are also sought to be made parties defendant, in order to obviate an objection taken by some of the defendants, that there is a defect of parties defendant, in that the receivers are not parties to the action. The objection that this plaintiff had no right to maintain the action, in consequence of the provisions of chapter 441 of the Laws of 1897, should not be disposed of upon this motion. The question whether or not that act is retroactive, and applies to actions pending at the time of the enactment of the statute, should be left to be determined upon the trial, and not upon a motion of this character. When the action was commenced a stockholder had a right to bring such an action, and there is some doubt as to whether or not the provisions of this statute would apply to an action pending at the time the statute was enacted. Without expressing an opinion on that question, we think the plaintiff should be allowed to make the necessary amendments to the summons and complaint, so as to present the question, and have it determined in the ordinary way, upon the trial.

The order appealed from should be reversed, and the motion granted, without costs of this appeal, or in the court below. All concur.